## Cannon v. Peters et al.

*Harry F. Hauser*, for plaintiff.
*Henry A. Frye*, for intervening defendants.
*Maxwell Strawbridge*, for county commisioners.
*E. Arnold Forrest*, for board of election.

KNIGHT, P. J., and CORSON, J., August 11, 1939. — Upon the filing of the present bill praying for a preliminary injunction to restrain the County Commissioners of Montgomery County, as such commissioners, and as members of the county board of elections, from printing upon the primary ballots in the Boroughs of Jenkintown, Hatboro, and Ambler the question of whether or not liquor licenses shall be granted in such boroughs, a rule was granted to show cause why such preliminary injunction should not issue.

At the hearing on such rule, on August 10, 1939, the interveners filed a petition for leave to intervene as parties defendant and to file an answer. By agreement of counsel for all the parties, the petition for leave to intervene was granted and the answer filed. The answer admitting all the facts set forth in the bill of complaint to

be true, and all defendants joining in the answer, it was stipulated by counsel for all parties and made part of the record that the facts as set forth in the bill of complaint should be found by the court as the facts in the case and that the case should be heard before the court en banc as a final hearing and the decree entered by the court en banc should be a final decree. The court, therefore, finds as facts in the present case all the facts set forth in the various paragraphs of the bill of complaint.

## Discussion

The present suit arises over the interpretation to be placed upon the Pennsylvania Liquor Control Act of June 16, 1937, P. L. 1762, sec. 502, and section 32 of the Beverage License Law of June 16, 1937, P. L. 1827. The relevant section of the acts reads as follows:

"Whenever electors . . . shall petition the county commissioners of the county for a referendum on the question of granting such licenses, the said county commissioners shall cause a question to be submitted *at the primary immediately preceding the municipal election occurring at least sixty days thereafter,* on the ballot . . . in the manner provided by the election laws of the Commonwealth." We have italicized the portion of the section upon which plaintiff bases his case.

Under this section it is the contention of plaintiff that the question of local option can only be submitted to the voters of a municipality at a primary preceding a municipal election when such primary precedes such municipal election by at least 60 days. A casual reading of this section might seem to sustain plaintiff's contention. However, without discussing other questions which have already been discussed in an opinion filed in the Pittsburgh courts by Judge Egan, it is sufficient to say that we feel that there is little, if any, ambiguity in this section of the act. Under the original Act of November 29, 1933, P. L. 15, and various other acts including the amending acts of 1937, supra, it was provided in the sec-

tion covering local option that the question could be submitted to the electors upon petition of at least 10 percent of the highest vote cast, etc., and the county commissioners were required to submit the question at the general or municipal election "occurring at least sixty days thereafter". The phrase "occurring at least sixty days thereafter" in the original act meant occurring at least 60 days after the filing of the petition with the county commissioners. This provision was, of course, inserted in the act to give the county commissioners time to have the question printed upon the ballots.

In the amending acts of 1937, supra, the legislature merely raised the required percentage of qualified voters to 25 percent and changed the time for such local option referenda from the general or municipal elections occurring at least 60 days after the filing of the petition to the primary elections immediately preceding the municipal elections and "occurring at least sixty days thereafter". We feel and so hold that the word "thereafter", as used in the original act and in the amending acts, refers to the time of filing the petition and not to the "municipal election", as contended by plaintiff. The phrase "occurring at least sixty days thereafter" means the primary which occurs immediately preceding the municipal election. We feel that the phrase "immediately preceding the municipal election" is merely a phrase qualifying and determining which primary is referred to. This construction of the act is in accordance with the use of the various phrases in the original act and makes the act accomplish the purpose which the legislature clearly wished to accomplish. If the legislature had said "at the primary which immediately precedes the municipal election", clearly the phrase "occurring at least sixty days thereafter" would refer to the occurrence of the primary and not to the municipal election. We feel that the phrase "primary immediately preceding the municipal election" similarly merely qualifies and determines which primary

is referred to as occurring at least 60 days after the filing of the petition.

Upon the findings of fact, and for the reasons given in our discussion, the court makes the following

*Conclusions of law*

1. That the facts set forth in the bill in equity do not entitle plaintiff to equitable relief;

2. That the bill should be dismissed;

3. That plaintiff should pay the costs;

4. That the following final decree should be entered:

And now, August 11, 1939, it is ordered, adjudged, and decreed that plaintiff's bill be, and is, dismissed, at the costs of plaintiff. An exception is allowed to plaintiff.